UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-00018-H

JULIA CHUBY, ET AL                                                                          PLAINTIFFS

V.

THOMAS THARPE, ET AL                                                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

The jury trial in this case is scheduled to begin December 5, 2011. On November 28, 2011, Plaintiffs filed deposition notices for two of their expert witnesses (the "Notices"). Defendants now move for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1). For the reasons that follow, the Court will strike Plaintiffs' deposition Notices and grant Defendants' motion for a protective order.

I.

Approximately one week ago, the parties met with the Court to discuss several pending motions. Namely, Defendants filed motions in limine challenging the admissibility of significant portions of Plaintiffs' expert reports on grounds of their professional qualifications, methodologies, evidence upon which they relied, and ultimate conclusions. The Notices at issue now concern the depositions of two of these experts.

The first deposition is that of David Shepardson, an accident reconstructionist. According to Shepardson's expert report, Defendant Smith was negligent because he steered his vehicle to the left following his collision with Defendant Tharpe. This negligent reaction

allegedly caused Smith's vehicle to cross over the median, resulting in the second accident (in which the decedent was injured).

The second deposition is that of Dr. David Peters who will reportedly testify that: (1) there is no more painful way to die than by fire; (2) the decedent experienced several complications from his burns; (3) the decedent suffered prolonged agony and pain; and (4) these factors ultimately facilitated the early demise of the decedent's wife.

On November 28, 2011, just four calendar days before Plaintiffs' newly proposed depositions were to take place, and five calendar days before the jury trial was set to begin, Plaintiffs filed deposition Notices for both of these expert witnesses. Plaintiffs' Notices refer vaguely to the "Rules" as grounds for taking "De Benne Esse Videotaped Depositions" and purport to place Defendants on notice of expert witness trial depositions to be taken this Friday in place of live testimony at trial.

Defendants ask the Court to strike Plaintiffs' Notices for several reasons: lack of notice; impracticability of attending both depositions which are scheduled only a few hours apart and in two distant locations; Plaintiffs' failure to provide grounds for their Notices; and several challenges to Plaintiffs' expert testimony which have yet to be resolved by the Court. Each of these contentions will be discussed below.

II.

Rule 30 of the Federal Rules of Civil Procedure specifies when a deposition may be taken, both with and without leave of the Court, and it replaces a former provision governing *de bene esse* depositions. Rule 30 authorizes "early deposition[s] without leave of court where the

witness is about to depart and, unless his deposition is promptly taken, (1) it will be impossible or very difficult to depose him before trial or (2) his deposition can later be taken but only with substantially increased effort and expense." Advisory Committee Note to 1970 Amendments. Thus, the Rule allows parties to take depositions to be used at trial when witnesses will be unavailable to testify. Allowing and admitting these depositions are issues left to the Court. Afterall, "the taking and use of depositions are entrusted to the sound discretion of [a] district court." *Landis v. Galarneau,* No. 2:05-CV-74013, 2010 WL 446445, at *2 (E.D. Mich. Jan. 28, 2010) (quoting *Trempel v. Roadway*, 194 F.3d 708, 716 (6th Cir. 1999)).

### III.

As previously discussed during the pre-trial conference, there are a number of questions regarding Plaintiffs' expert testimony which the parties agreed would be addressed at trial. In light of these challenges, any trial depositions presented on behalf of these witnesses will likely prompt numerous objections and require extensive discussion. The Court therefore believes it is in the best interest of all parties to present live testimony for these expert witnesses. Doing so allows Defendants a meaningful opportunity to object to witness testimony. This, in turn, affords Plaintiffs the occasion to respond and maximize admissibility of the testimony.

Additionally, and as noted correctly by Defendants, Plaintiffs provide no reasons in justification of their Notices. The Court is unsure if Plaintiffs' witnesses are unavailable, but even if such were the case, Plaintiffs have had ample time to submit these Notices prior to the week before trial. After all, Plaintiffs' preliminary expert witness list was filed in March of 2010, more than one-and-a-half years ago. More than eight months ago, the Court set a trial date for the case. Leading up to the week before trial, Plaintiffs never indicated that their experts

would not be available to testify. For all of these reasons, Plaintiffs' request to take *de bene esse* depositions of two of their expert witnesses on the calendar day before trial appears unreasonable and unjustified.

The Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion for a protective order is SUSTAINED.

cc: Counsel of Record