UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-00018-H

JULIA CHUBY, ET AL                                                                              PLAINTIFFS

V.

THOMAS THARPE, ET AL                                                                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' motion to dismiss any claims by or on behalf of Lisa Schwab, deceased. Plaintiffs did not respond by the November 28, 2011 deadline, but they have done so since then, and the Court will now rule on Defendants' motion. For the reasons that follow, the Court will sustain Defendants' motion and dismiss any loss of consortium claims by or on behalf of Lisa Schwab.

I.

This case arises from a multi-vehicle collision that occurred in Bullitt County, Kentucky on January 12, 2007. Defendants Thomas Tharpe and George Smith, while both driving in the northbound lanes of Interstate 65, collided, and Smith's tractor-trailer subsequently traveled across the median, into the southbound lanes, where it struck the vehicle of Richard Schwab (the "Deceased"). The Deceased died ten days later of injuries sustained in the accident.

On August 29, 2008 a wrongful death action was commenced in the Eastern District of Michigan and was subsequently transferred to this Court in December of 2008. The original complaint (the "Complaint") was filed by Lisa Schwab, spouse of the Deceased, as Personal

Representative of the Estate of Richard Schwab.  Count I asserted that Tharpe violated certain duties to operate his vehicle in a safe manner.  Count II alleged respondeat superior and negligence against both Werner Enterprises, Inc. (Smith's employer, and owner of the truck driven by Smith, at the time of the accident) and the driver-employee Smith, respectively.

On May 10, 2010, Lisa Schwab died of a longstanding illness unrelated to the accident at issue here.  Thereafter, the current Plaintiffs, Julia Chuby and Ronald Chuby ("Plaintiffs"), were substituted as the Personal Representatives of the Estate of Richard Schwab.  On September 20, 2011, Plaintiffs filed their First Amended Complaint ("Amended Complaint") and Demand for a Jury Trial.

Defendants have moved to dismiss any claims for loss of consortium by or on behalf of Lisa Schwab, arguing that: (1) Loss of consortium claims are independent causes of action which Plaintiffs and Lisa Schwab failed to adequately plead; (2) Even if the claim was raised, neither Lisa Schwab nor Plaintiffs asserted the cause of action on behalf of Lisa Schwab in her individual capacity as statutorily required; and (3) In any event, the statute of limitations has run for such a claim. Because the Court concludes that no claim for loss of consortium was asserted by Lisa Schwab in her individual capacity, Defendants' other two arguments need not be discussed.

## II.

As the Court previously decided in its Memorandum and Order dated August 24, 2011, Kentucky law applies to this case.  Pursuant to KRS Section 411.154(2), a spouse may recover damages against third persons for loss of consortium resulting from their negligence or wrongful acts. "Consortium" is defined as "the right to the services, assistance, aid, society,

companionship and conjugal relationship between husband and wife, or wife and husband." KRS Section 411.145(1). A claim for loss of consortium allows a spouse to recover damages against a third party. "[W]ith enactment of the statute, the General Assembly made loss of consortium a statutory cause of action, which *belongs specifically to a spouse, not to the estate of the deceased.*" *Martin v. Ohio Cnty Hosp. Corp.*, 295 S.W.3d 104, 107-08 (Ky. 2009) (emphasis added). *See also Loew v. Allen*, 419 S.W.2d 734, 734 (Ky. 1967) (the "right of recovery for loss of consortium is [a] *personal right of [a]surviving [spouse] individually . . . .*") (emphasis added).

### III.

Lisa Schwab, as Personal Representative of Richard Schwab's estate, originally demanded damages for loss of consortium in her Complaint. After her death, Plaintiffs, the Chubys, were substituted as Personal Representatives of the Estate of Richard Schwab and demanded the same relief in their Amended Complaint. Assuming for argument's sake that a claim for loss of consortium was asserted within either of these complaints, the question becomes whether it was done so properly.

The Complaint makes absolutely no reference to Lisa Schwab's claim for loss of consortium in her individual capacity. Rather, the entire Complaint is made only on behalf of the Estate of Richard Schwab. Even the demand for damages is made for those that "the estate has suffered . . . ." Because a claim for loss of consortium belongs to a spouse in his or her individual capacity, and no claim was asserted in such a fashion here, the Court concludes that no claim for loss of consortium was made by Lisa Schwab as wife of the Deceased.

Under Kentucky law, "[a]n action for loss of consortium is required to be brought within

one year after the injury." *Floyd v. Gray*, 657 S.W.2d 936, 938 (Ky. 1983). Thus, looking next to the Amended Complaint, which was filed by Plaintiffs after being substituted as Personal Representatives of the Estate of Richard Schwab, the Court need not determine whether any claim for loss of consortium was asserted on behalf of Lisa Schwab because the Amended Complaint was filed after the statute of limitations had run.  The injury in question occurred in 2007, more than three years before the Amended Complaint was filed.  Even if Plaintiffs asserted a claim for loss of consortium on behalf of Lisa Schwab in her individual capacity, it was time-barred.  Because the statute of limitations had run and no claim for loss of consortium was asserted on behalf of Lisa Schwab, any such claim is not properly before the Court.

     The Court being otherwise sufficiently advised,

     IT IS HEREBY ORDERED that Defendants' motion to dismiss any claims for loss of consortium by or on behalf of Lisa Schwab in her individual capacity is SUSTAINED.

     cc:    Counsel of Record